UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY MOORE,<br><br>        Plaintiff,<br><br>v.<br><br>HYATT CORPORATION, an Illinois Corporation, and JOHN and JANE DOES 1-60, whose true identities are unknown,<br><br>        Defendants. | Case No. |

## COMPLAINT

NOW COMES Plaintiff Anthony Moore ("Plaintiff" and/or "Mr. Moore"), by and through his attorneys Polales Horton Leonardi LLP and McCarthy Legal, PLLC (*pro hac vice forthcoming*), for his Complaint against defendants Hyatt Corporation ("Defendant" and/or "Hyatt") and John and Jane Does 1-60 (collectively with Hyatt, "Defendants"), hereby complains, alleges and states as follows:

## INTRODUCTION

1. This is an action for premises liability and negligence arising out of injuries sustained by Plaintiff after a slip-and-fall accident caused by Defendants at a resort operated, managed and/or owned by Defendant. Plaintiff's injuries caused him damages in excess of $530,000.

## PARTIES

2. At all relevant times herein mentioned, Plaintiff was and is a citizen of the United States, residing in Boise, Idaho.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

3. At all relevant times herein mentioned, Defendant Hyatt Corporation was and is a corporation for profit created under the laws of the State of Delaware. Hyatt's principal office is located in Chicago, Illinois and it may be served with process through its registered agent, United States Corporation Company of Illinois, located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

4. At all times relevant herein, Defendants John and Jane Does 1 through 60, whose true identities are presently unknown, are entities or individuals who were agents, employees, independent contractors, subdivisions, franchisees, wholly-owned subsidiaries, licensees, or divisions of Defendant herein, or are entities or individuals acting on behalf of, or in concert with, Defendant named herein.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

6. Venue in the Northern District of Illinois, Eastern Division, is proper under 28 U.S.C. § 1391(d), as Hyatt maintains its principal place of business in Chicago, Illinois.

## FACTUAL ALLEGATIONS

7. At all relevant times, Defendants operated, managed, and conducted business as Breathless Riveria Cancun Resort & Spa located at Carretera Cancun-Puerto Morelos, 77580 Quintana Roo, Q.R., Mexico 77580 ("Resort").

8. On or around January 18, 2024, Plaintiff and his friends arrived at the Resort for a vacation.

9. On or about January 22, 2024, Plaintiff slipped and fell about 15 feet from the pool and hit his head on a marble ledge nearby; witnesses report the area where he fell was wet.

10. Plaintiff was knocked unconscious for an extended period of time and taken to a hospital in Cancun.

11. When Plaintiff returned home to Boise, he received follow up medical care and learned that he had a brain bleed, nose fracture, scalp laceration, and severe neck injuries.

12. Plaintiff's injuries resulted in significant medical treatment, including multiple imaging studies, physical therapy, chiropractic treatment, and ultimately, surgery.

13. On the day Plaintiff was injured, he had walked the same path at least three times prior to the fall and did not have any issue as the walkway was dry.

14. Prior to January 22, 2024, Plaintiff had seen Resort employees using squeegees on the walkway where he fell; he did not see any employees using squeegees on the day he fell.

15. There was no signage warning Plaintiff, or other customers, to be cautious because of the wet walkway.

16. At all times mentioned herein, Defendants, through their agents, servants, and employees, had the duty to control, manage, and maintain the Resort premises in such a manner so as to avoid injury to persons lawfully upon said premises.

17. Defendants acted in a careless, negligent, and/or reckless manner in violation of state, and/or local laws, ordinances, statutes, and its legal duties under the common law.

18. Defendants failed to maintain the Resort premises in a reasonably safe manner, and this failure caused injury to Plaintiff.

19. Defendants' acts and omissions caused injury to Plaintiff by, among other things, failing to ensure that the Resort was in a good, reasonably safe condition, free from obstacles and

debris, failing to inspect the Resort for defects or dangers, and/or failing to properly give warning or mark unsafe conditions at the Resort.

20. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff was caused to suffer serious, bodily injuries and incur lost wages. Additionally, Plaintiff was caused to suffer physical and mental pain and suffering, loss of the enjoyment of life, emotional distress, wage loss, and the impairment of faculties and physical function.

21. The above-described injuries may have permanent, residual effects, and Plaintiff will continue to experience pain and suffering and will continue to be limited in his normal and usual activities into the future, which conditions will likely require future medical care.

22. As a further result of the injuries sustained, Plaintiff has incurred necessary medical expenses from the date of the injury and will need further medical care in the future.

## COUNT ONE
### Premises Liability

23. Plaintiff incorporates herein by reference the foregoing and following allegations of the Complaint as though set forth herein.

24. Defendants had a duty to ensure that the Resort, including the relevant walkway, was reasonably safe for its guests, including Plaintiff.

25. The wet marble walkway at the Resort constitutes a condition on the Resort premises which presented an unreasonable risk of harm to people at the premises.

26. Defendants knew or in the exercise of ordinary care should have known of both the condition and the risk of the wet marble walkway.

27. Because Defendants had previously squeegeed the wet marble walkway to keep it dry, Defendants should reasonably have expected that guests on the Resort premises would not

discover or realize the marble walkway was wet or that the guests would fail to protect themselves against slipping and falling on the marble walkway.

28. Defendants were negligent by failing to keep the Resort premises reasonably safe, failing to keep the marble walkway dry, and failing to place signs warning that the marble walkway was wet or could be wet.

29. Plaintiff was severely injured and Defendants' negligence was a proximate cause of these injuries.

30. As a direct and proximate result of Defendants' breach of its duty of care, Plaintiff has suffered direct and consequential losses and damages in amounts to be proven at trial.

## COUNT TWO
### Negligence

31. Plaintiff incorporates herein by reference the foregoing and following allegations of the Complaint as though set forth herein.

32. It was the duty of Defendants, before and at the time of the occurrence referenced herein, to use ordinary care for the safety of Plaintiff.

33. Defendants failed to use ordinary care in maintaining the Resort premises.

34. Such failures constituted breaches of the duty of care which Defendants owed to Plaintiff.

35. As a direct and proximate result of Defendants' breach of this duty, Plaintiff has suffered direct and consequential losses and damages in amounts to be proven at trial.

## JURY DEMAND

Demand is hereby made for a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

**COMPLAINT AND DEMAND FOR JURY TRIAL - 5**

1. For Plaintiff's special and general damages in amounts which may be proven at trial, and which meet the jurisdictional threshold of this Court;

2. For costs of suit incurred herein;

3. For reasonable attorney fees to be determined by the Court; and

4. For such other relief as the Court deems just and proper.

DATED: January 21, 2026

Respectfully Submitted,

Plaintiff Anthony Moore

By his Attorneys,

*/s/ Michael J. Philippi*
Michael J. Philippi Illinois State Bar #6188513
**POLALES HORTON & LEONARDI, LLP**
53 W Jackson Blvd Suite 1315
Chicago, IL 60604
Telephone: (312) 598-2520
mphilippi@phl-firm.com

*/s/ Michael J. Testa*
Michael Testa, Illinois State Bar #6334101
**POLALES HORTON & LEONARDI, LLP**
53 W Jackson Blvd Suite 1315
Chicago, IL 60604
Telephone: (312) 598-2520
mtesta@phl-firm.com

*/s/ Shannon N. McCarthy*
Shannon N. McCarthy, Idaho State Bar # 10027
**MCCARTHY LEGAL, PLLC**
350 N. 9th Street, Suite 500
Boise, Idaho 83702
Telephone: (208) 918-0186
shannon@mccarthylawidaho.com
*Pro Hac Vice Admission Forthcoming*